**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | **23 Civ. 5708 (FB)** |
| **Plaintiff,** | |
| **-against-** | |
| **MINA TADRUS and TADRUS CAPITAL LLC,** | |
| **Defendants.** | |

**CONSENT ORDER IMPOSING PRELIMINARY INJUNCTION AND OTHER RELIEF**

**WHEREAS** the Securities and Exchange Commission (the "Commission") filed this action on July 28, 2023, against Defendants Mina Tadrus ("Tadrus") and Tadrus Capital LLC ("Tadrus Capital") (collectively, "Defendants");

**WHEREAS**, also on July 28, 2023, the Commission filed an emergency application for an order to show cause, temporary restraining order, preliminary injunction, asset freeze, and other relief (Dkt Nos. 2-8) (the "Emergency Application");

**WHEREAS** the Court has subject matter jurisdiction over this action pursuant to Section 22(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77v(a)], Sections 27 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78aa], and Section 214(a) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. § 80b-14(a)];

**WHEREAS** venue is proper in this District pursuant to Securities Act Section 22(a) [15 U.S.C. § 77v(a)], Exchange Act Section 27 [15 U.S.C. § 78aa], and Advisers Act Section 214 [15 U.S.C. § 80b-14];

**WHEREAS** Defendants neither admit nor deny that the standard for the issuance of a Preliminary Injunction have been met and that the Commission has met its burden;

**WHEREAS** to resolve these disputes and the issues raised by the Commission's motion, the Commission and the Defendants have reached an agreement substantially resolving the Emergency Application and stipulate to the terms of this Preliminary Injunction, and Defendants do not oppose the entry of the Order, pending the Court's resolution of the below issues, on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure and hereby waive any objection based thereon but without any waiver of the Defendants' rights to contest all claims, allegations, and causes of action asserted against them in this action;

**WHEREAS** the parties have not come to an agreement as to two issues, 1) whether Tadrus can use the investor funds in the accounts listed in Schedule C for his living expenses, and 2) whether Defendants can use funds in any of the accounts listed in Schedules A and C, or any other accounts controlled by Defendants, to pay attorney's fees in connection with this action, and seek a briefing schedule from the Court to resolve those limited issues (the "Outstanding Issues");

**NOW THEREFORE:**

## I.

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, Defendants are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)      to employ any device, scheme, or artifice to defraud;

    (b)      to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)      to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise:  (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## II.

**IT IS FURTHER ORDERED** that, pending Final Disposition of this action, Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)      to employ any device, scheme, or artifice to defraud;

    (b)      to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would

operate as a fraud or deceit upon any person.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure

65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this

Order by personal service or otherwise:  (a) Defendants' officers, agents, servants, employees,

and attorneys; and (b) other persons in active concert or participation with Defendants or with

anyone described in (a).

## III.

**IT IS FURTHER ORDERED** that, pending Final Disposition of this action, Defendants

are permanently restrained and enjoined from violating Sections 206(1), 206(2) and 206(4) of the

Advisers Act [15 U.S.C. §§ 80b-6(1), (2), and (4)] and Rule 206(4)-8 [17 C.F.R. § 275.206(4)-8]

by, as an investment adviser, using the mails or any means or instrumentality of interstate

commerce, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud any client or prospective

client;

(b)     to engage in any transaction, practice, or course of business which operates as a

fraud or deceit upon any client or prospective client; or

(c)     to engage in any act, practice, or course of business which is fraudulent,

deceptive, or manipulative, including to, as an investment adviser to a pooled

investment vehicle, (1) make any untrue statement of a material fact or omit to

state a material fact necessary to make the statements made, in the light of the

circumstances under which they were made, not misleading, to any investor or

prospective investor in the pooled investment vehicle; or (2) otherwise engage in

4

any act, practice, or course of business that is fraudulent, deceptive, or

manipulative with respect to any investor or prospective investor in the pooled

investment vehicle.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure

65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this

Order by personal service or otherwise:  (a) Defendants' officers, agents, servants, employees,

and attorneys; and (b) other persons in active concert or participation with Defendants or with

anyone described in (a).

### IV.

**IT IS HEREBY ORDERED** that, pending a Final Disposition of this action, Defendants

hold and retain within their control and otherwise prevent any withdrawal, transfer, pledge,

encumbrance, assignment, dissipation, concealment or other disposal of any assets, funds, or

other property (including money, virtual currency or other digital asset, real or personal property,

tangible assets, securities, commodities, choses in action or other property of any kind

whatsoever, in whatever form such assets may presently exist and wherever located) of, held by,

or under the control of Defendants, whether held in their name or for their direct or indirect

beneficial interest, and directing each of the financial or brokerage institutions, debtors and

bailees, or any other person or entity holding such assets, funds or other property of Defendants

to hold or retain within its or his control and prohibit the withdrawal, removal, transfer or other

disposal of any such assets, funds or other properties, including without limitation all assets,

funds, or other properties held in Defendants' name, held by Defendants, or under Defendants'

control, including but not limited to the assets listed on Schedule A, except as provided in

Section V below and except as may be decided by the Court in connection with resolution of the

5

Outstanding Issues.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

### V.

**IT IS HEREBY ORDERED** that Tadrus and his wife, Ms. Ayob, pending a Final Disposition of this action, may incur additional debt on the credit cards listed in Schedule B up to a total of $40,000 across all of the accounts listed in Schedule B, during the pendency of this action, towards living expenses and/or attorney's fees.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

### VI.

**IT IS FURTHER ORDERED** that the parties are directed to submit by August 25, 2023 an agreed upon briefing scheduled as to the Outstanding Issues.

## VII.

**IT IS FURTHER ORDERED** that the Defendants serve upon the Commission, within fourteen (14) days, or within such extension of time as the Commission agrees to in writing or that the Court grants upon request, a verified written accounting identifying all of Defendants' assets and the use of all investor funds raised by Defendants.  Defendants shall serve such sworn statement on Plaintiff's counsel, Abigail Rosen, by email sent to RosenAb@sec.gov.

Notwithstanding the foregoing, Tadrus shall reserve any rights he may have to decline to provide a verified accounting under the Fifth Amendment of the United States Constitution, and nothing in this Order shall be construed as a waiver of his Fifth Amendment rights.

## VIII.

**IT IS FURTHER ORDERED** that Defendants, pending the Final Disposition of this action, are enjoined and restrained from destroying, altering, or concealing all documents, books, and records that are in the possession, custody, or control of Defendants, their respective agents, servants, employees, and attorneys, and those persons in active concert or participation with them, including documents that concern the allegations in the Complaint or Defendants' assets, finances, or business operations.

## IX.

**IT IS FURTHER ORDERED** that this Order shall be, and is, binding upon Defendants,

and each of their respective officers, agents, servants, employees, attorneys-in-fact, subsidiaries,

affiliates and those persons in active concert or participation with them who receive actual notice

of this Order by personal service, facsimile service, or otherwise.

**STIPULATED AND AGREED BY**:

Dated: New York, NY
     August /6, 2023

/s/
Abigail E. Rosen
SECURITIES AND EXCHANGE
COMMISSION
New York Regional Office
100 Pearl Street
New York, NY 10004
(212) 336-0473
**RosenAb@sec.gov**

Dated: New York, NY
     August 16 2023

/s/ *Jon-Jorge Aras*
Jon-Jorge Aras *(Pro Hac Vice to be Filed)*
Jorge Marquez
519 8th Ave, 25th Fl.
New York, NY 10018
(212) 390-0528
**jmarquez@warren.law**

*Attorneys for Defendants Tadrus Capital LLC and Mina Tadrus*

**SO ORDERED.**

Dated: __August__ 22, 2023
     Brooklyn, New York

/S/ Frederic Block
Hon. Frederic Block
United States District Judge

8

Schedule A

| FINANCIAL INSTITUTION | NAME OF ACCOUNT | ACCOUNT NUMBER (Last 4 Digits) OR IDENTIFYING INFORMATION |
|---|---|---|
| First Internet Bank of Indiana | Tadrus Capital LLC | 0826 |
| PNC Bank N.A. | Tadrus Capital LLC | 6216 |
| Brex | Tadrus Capital LLC | 3190 |
| Brex | Tadrus Capital LLC | 0148 |
| Brex Credit Card | Tadrus Capital LLC | Unknown |
| Cornerstone Capital Bank | Tadrus Capital LLC | Unknown |
| LendingClub Bank, N.A. | Tadrus Capital LLC | Unknown |
| Merchants Bank of Indiana | Tadrus Capital LLC | Unknown |
| New York Community Bank | Tadrus Capital LLC | Unknown |
| Poppy Bank | Tadrus Capital LLC | Unknown |
| UMB Bank, N.A. | Tadrus Capital LLC | Unknown |

Schedule B

| FINANCIAL INSTITUTION | NAME OF ACCOUNT | ACCOUNT NUMBER (Last 4 Digits) OR IDENTIFYING INFORMATION |
|---|---|---|
| Capital One Credit Card | Mina Tadrus | 2444 |
| Capital One Credit Card | Mina Tadrus | 0382 |
| Barclay's Credit Card | Mina N. Tadrus | 9916 |
| American Express Credit Card | Mina Tadrus | 1001 |

Schedule C

| FINANCIAL INSTITUTION | NAME OF ACCOUNT | ACCOUNT NUMBER (Last 4 Digits) OR IDENTIFYING INFORMATION |
|---|---|---|
| JP Morgan Chase Bank, NA. | Ms. M. Ayob or Mina N. Tadrus | 2832 |
| JP Morgan Chase Bank, NA. | Mina N. Tadrus or Ms. M. Ayob | 7256 |