HDM:GN/JOE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

                                                        23 CV 5708 (FB)

   - against -

MINA TADRUS and TADRUS CAPITAL LLC,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## NOTICE OF MOTION

      PLEASE TAKE NOTICE that upon the accompanying Government's Memorandum of Law in Support of Application To Intervene and To Stay Civil Proceedings, the United States will move this Court on a date and time to be designated by the Court, before the Honorable Frederic Block, at the United States Federal Courthouse, 225 Cadman Plaza East, Brooklyn, New York 11201, pursuant to Rule 24 of the Federal Rules of Civil Procedure, for

intervention for the purpose of seeking a stay of civil proceedings and for such other relief as the Court deems appropriate.

Dated: Brooklyn, New York
      November 2, 2023

                                          Respectfully submitted,

                                          BREON PEACE
                                          United States Attorney

                                               /s/
                                          Genny Ngai
                                          John O. Enright
                                          Assistant U.S. Attorneys
                                          (718) 254-6203 (Enright)

HDM:GN/JOE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

  - against -

MINA TADRUS and TADRUS CAPITAL LLC,

      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

23 CV 5708 (FB)

GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF
<u>APPLICATION TO INTERVENE AND TO STAY CIVIL PROCEEDINGS</u>

               BREON PEACE
               United States Attorney
               Eastern District of New York
               271 Cadman Plaza East
               Brooklyn, New York 11201

GENNY NGAI
JOHN O. ENRIGHT
Assistant U.S. Attorneys
(Of Counsel)

PRELIMINARY STATEMENT

The government respectfully submits this memorandum of law in support of its motion to intervene in the above-captioned civil case (the "Civil Case") and to stay civil proceedings because of the pendency of the parallel criminal case, United States v. Mina Tadrus, 23 CR 393 (HG) (the "Criminal Case"), which has been filed in this district, and a related, ongoing grand jury investigation. The same underlying facts are at issue in both the civil and the criminal matters. The government has contacted retained counsel for the defendant in the Civil Case, who has informed the government that they do not oppose this motion.[1] The government has also consulted with the U.S. Securities and Exchange Commission ("SEC"), which does not oppose the entry of the requested order to stay the Civil Case.

A stay of proceedings is appropriate because the government's motion is timely and the same alleged fraudulent schemes are at issue in both the Civil and Criminal Cases. Moreover, a stay of proceedings is necessary, as defendants Mina Tadrus ("Tadrus") and Tadrus Capital LLC (together, the "defendants") should not be permitted to use civil discovery in the Civil Case to avoid the restrictions on criminal discovery that would otherwise pertain to them in the Criminal Case. A stay is also necessary to preserve the secrecy of the ongoing grand jury proceedings, and could promote judicial economy. Accordingly, the United States respectfully requests that the Court: (1) permit the government to intervene pursuant to Federal Rule of Civil Procedure 24; and (2) order, pursuant to the Court's inherent power, that civil proceedings in the Civil Case be stayed until the conclusion of the related Criminal Case and the ongoing grand jury investigation.

---

[1] The government does not object to the Court deciding Defendants' Motion to Access Funds as Referenced in the Consent Order Imposing Preliminary Injunction and Other Relief in the Civil Action, either prior to or after deciding the instant motion.

1

FACTUAL BACKGROUND

I.  The Civil Case

On July 28, 2023 (the "SEC Complaint") (Docket No. 1), the SEC filed a complaint against the defendants. The complaint alleges that, from at least September 2020 through the date of the complaint, the Kaplans engaged in a multimillion-dollar Ponzi scheme. SEC Complaint at 1. Specifically, the SEC Complaint alleges, inter alia, that the defendants "falsely told investors that their funds would be pooled and invested in 'the world's first private high-yielding and fixed-income quantitative hedge fund' using 'artificial intelligence-based high-frequency trading models' that would yield 'investors 1.5% or 2.5%, paid on the first of each month, for an annual return on investment [return on investment] of 18% or 30% a year.'" Id. at 2. The SEC Complaint further alleges that, "[i]n reality, Defendants did not invest the vast majority of investors' funds, if any. Instead, Defendants used a significant portion of the investor funds for Tadrus' own personal benefit – diverting funds directly to Tadrus and to pay his personal credit card bills, and, made Ponzi payments – which they told investors were 'guaranteed' monthly return on investment payments." Id.

II.  The Criminal Case

On September 27, 2023, a federal grand jury sitting in the Eastern District of New York returned an indictment charging Tadrus with, inter alia, the same conduct alleged in the SEC Complaint. Specifically, the first count of the indictment alleges that in or about and between September 2020 and July 2023, Tadrus "employ[ed] one or more devices, schemes and artifices to defraud . . . ma[de] one or more untrue statements of material fact and omitting to state one or more material facts necessary in order to make the statements made, in light of the circumstances in which they were made, not misleading . . . and . . . engaging in one or more acts, practices and

2

courses of business which would and did operate as a fraud and deceit upon one or more investors and potential investors in Tadrus Capital LLC and Tadrus Capital Fund LP" in violation of 15 U.S.C. §§ 78j(b) and 78ff.

The second count of the indictment alleges that, during the same time period, Tadrus "knowingly and intentionally devise[d] a scheme and artifice to defraud one or more investors and potential investors in the Tadrus Entities, to wit: Victims-1 through 31 . . . and to obtain money and property from them by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, transmitted and caused to be transmitted by means of wire communication in interstate commerce, one or more writings, signs, signals, pictures, and sounds" in violation of 18 U.S.C. § 1343.

Finally, the third count of the indictment alleges that, during the same time period, Tadrus "knowingly and willfully . . . employ[ed] one or more devices, schemes and artifices to defraud clients and prospective clients of Tadrus Capital LLC . . . engage[d] in one or more transactions, practices, and courses of business that were fraudulent, deceptive, and manipulative" in violation of 15 U.S.C. §§ 80b-6 and 80b-17.

ARGUMENT

POINT ONE

INTERVENTION IS APPROPRIATE

I.      Applicable Law

Rule 24 of the Federal Rules of Civil Procedure provides that a party may intervene in a civil action either as a matter of right or on a permissive basis.  Either avenue justifies intervention by the United States in the present action.  See In re Air Cargo Shipping Servs. Antitrust Litig., M.D.L. No. 1775, 06-MD-1775, 2010 U.S. Dist. LEXIS 128950, at *58, 62-63

3

(E.D.N.Y. Dec. 3, 2010) (granting motion, noting that "[w]hether as of right under Rule 24(a) or by permission under Rule 24(b), courts in the Second Circuit have routinely granted motions made by prosecuting authorities seeking to intervene in civil actions for the purpose of obtaining stays of discovery").

Federal Rule of Civil Procedure 24(a) provides that a person may intervene as of right when the applicant:

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a). Intervention is appropriate under Federal Rule of Civil Procedure 24(a) if the application is timely, the party has an interest in the transaction, the action may impede the party's ability to protect that interest, and the party's interests are not adequately represented in the action. See Mastercard Int'l, Inc. v. Visa Int'l Serv. Ass'n, 471 F.3d 377, 389 (2d Cir. 2006); Cascade Natural Gas Co. v. El Paso Natural Gas Co., 386 U.S. 129, 132-36 (1967) (permitting State of California to intervene under Rule 24(a) in antitrust case to protect state's "interest" in promoting competition in California).

Additionally, a court may permit intervention when an applicant files a timely motion and has a "claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(2). Intervention under Federal Rule of Civil Procedure 24(b) is "wholly discretionary with the trial court." United States Postal Service v. Brennan, 579 F.2d 188, 191 (2d Cir. 1978). In exercising their discretion, courts consider the nature and extent of the intervener's interests, whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties, and whether the interests of the proposed intervener are

adequately represented by the existing parties.  See Berroyer v. United States, 282 F.R.D. 299, 302-03 (E.D.N.Y. 2012); Miller v. Silbermann, 832 F. Supp. 663, 673-74 (S.D.N.Y. 1993).

II.     Discussion

Allowing the United States to intervene in this case under Rule 24 is appropriate. The United States' motion is timely, as discovery has not yet begun in the Civil Case. Additionally, no party has suffered prejudice.  Moreover, as demonstrated above, the same alleged fraudulent schemes are at issue in both the Civil Case and the Criminal Case.

When government prosecutors have advised courts that they are conducting criminal prosecutions or investigations of individuals involved in a pending civil action, the courts have regularly permitted the government to intervene to request a stay of proceedings or discovery in the ongoing civil cases.  See, e.g., SEC v. Chestman, 861 F.2d 49, 50 (2d Cir. 1988) (permitting government intervention to seek stay of civil discovery in SEC action pending completion of a criminal investigation involving the same underlying facts was not an abuse of discretion under either Rule 24(a) or Rule 24(b)); see also SEC v. Doody, 186 F. Supp. 2d 379, 381 (S.D.N.Y. 2002); Bridgeport Harbour Place I, LLC v. Ganim, 269 F. Supp. 2d 6, 8 (D. Conn. 2002); SEC v. Downe, No. 92 Civ. 4092 (PKL), 1993 WL 22126 at *11 (S.D.N.Y. Jan. 26, 1993); Twenty First Century Corp. v. LaBianca, 801 F. Supp. 1007, 1009 (E.D.N.Y. 1992).

Intervention is warranted as a matter of right under Rule 24(a)(2) in light of the strong interest of the government and the public in the enforcement of criminal laws.  See, e.g., Cascade Natural Gas Co., 386 U.S. at 132-36 (permitting intervention as of right by State in antitrust proceedings because of public interest in effective competition); SEC v. Realty & Improvement Co., 310 U.S. 434, 458-60 (1940) (SEC should have been permitted to intervene in bankruptcy proceeding because resolution of that proceeding might "defeat the public interests

which [the SEC] was designated to represent"). That interest may be substantially impaired if civil proceedings were allowed to continue in this matter before the resolution of the Criminal Case, as explained further in Point II below.

Courts have specifically recognized that the government "has a discernible interest in intervening in order to prevent discovery in the civil case from being used to circumvent the more limited scope of discovery in the criminal matter." Chestman, 861 F.2d at 50; see Morris v. Am. Fed'n of State, County & Mun. Employees, No. 99 Civ. 5125 (SWK), 2001 WL 123886 at *1 (S.D.N.Y. Feb. 9, 2001) (permitting the District Attorney to intervene in civil action to request stay of discovery); Bd. of Governors of the Fed. Reserve Sys. v. Pharaon, 140 F.R.D. 634, 638 (S.D.N.Y. 1991) (same); First Merchs. Enter., Inc. v. Shannon, No. 88 Civ. 8254 (CSH), 1989 WL 25214 at *2-*3 (S.D.N.Y. Mar. 16, 1989) (allowing the United States Attorney to intervene in a civil action).

Intervention is also warranted as an exercise of this Court's discretionary authority because the defendants are charged with engaging in essentially the same schemes in the Criminal Case. Indeed, there is substantial overlap in the core factual allegations underlying this action and the factual questions that likely will be resolved in the Criminal Case—namely, whether the defendants charged in the Civil Case and Tadrus in the Criminal Cases schemed to defraud their victims by making material misrepresentations and omissions about Tadrus Capital LLC's trading and performance, Tadrus's misappropriation of investor monies for his personal purposes, and Tadrus's use of investor monies to make monthly Ponzi-like payments to other investors. The United States seeks only a stay of the proceedings, and its intervention will not alter the parties' respective positions. In fact, the criminal prosecutions may benefit the civil parties, by bringing

6

out facts relevant to the Civil Case and streamlining the ensuing litigation. Accordingly, this Court should permit the government to intervene.

## POINT TWO

## STAY OF CIVIL PROCEEDINGS SHOULD BE GRANTED

I.  Applicable Law

District courts have the inherent authority to stay their own civil proceedings. See Landis v. N. Am. Co., 299 U.S. 248 (1936). A stay of proceedings and discovery in a civil case is particularly appropriate when, as here, a criminal indictment has been filed. See Doody, 186 F. Supp. 2d at 381 ("Once an indictment has been returned, the government often moves for and frequently obtains relief preventing a criminal defendant from using parallel civil proceedings to gain premature access to evidence and information pertinent to the Criminal Case."); Twenty First Century Corp., 801 F. Supp. at 1011 ("[C]ourts are more likely to grant [a stay] when an indictment has already been issued."). Pursuant to this discretionary authority, courts may decide to stay civil proceedings, postpone civil discovery, or impose protective orders. See SEC v. Dressler, 628 F.2d 1368, 1375 (D.C. Cir. 1980).

In making the determination whether to exercise its discretion to stay the civil proceedings, the Court should balance the following considerations:

> (1) the private interest of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendant; (3) the convenience to the courts; (4) the interest of persons not parties to the civil litigation; and (5) the public interest.

Twenty First Century Corp., 801 F. Supp. at 1010 (citations and quotations omitted). As described below, each of these factors weighs in favor of granting a stay of civil proceedings in the Civil Case until the conclusion of the criminal prosecutions.

7

II.  Discussion

    A.    A Stay Will Prevent Unfair Prejudice to the Government

A stay of the civil proceedings is appropriate to prevent the defendants from taking unfair advantage of broad civil discovery rules in the Civil Case to avoid the restrictions that would otherwise pertain to them as defendants in the Criminal Case. The Second Circuit Court of Appeals has recognized that the government has "a discernible interest in intervening in order to prevent discovery in [a] civil case from being used to circumvent the more limited scope of discovery [available] in [a] criminal matter." Chestman, 861 F.2d at 50. The vastly different rules that apply to discovery in civil and criminal cases are important reasons for staying civil proceedings and discovery in cases where there are parallel criminal proceedings. See, e.g., Bridgeport Harbour Place I, LLC, 269 F. Supp. 2d at 10 ("Courts are very concerned about the differences in discovery afforded to parties in a civil case and those of a defendant in a criminal case."); Twenty First Century Corp., 801 F. Supp. at 1010 (granting stay, in part, because "[a]llowing civil discovery to proceed . . . may afford defendants an opportunity to gain evidence to which they are not entitled under the governing criminal discovery rules"); SEC v. Beacon Hill Asset Management LLC, 2003 WL 554618, at *1 (S.D.N.Y. Feb. 27, 2003) (in context of request for civil stay of discovery due to pending criminal investigation, "the principal concern with respect to prejudicing the government's criminal investigation is that its targets might abuse civil discovery to circumvent limitations on discovery in criminal cases") (Kaplan, J,); Phillip Morris Inc. v. Heinrich, 1996 WL 363156, at *19 (S.D.N.Y. June 28, 1996) (without stay, targets "may have an opportunity to gain evidence to which they are not entitled under criminal discovery rules"); Governor of the Fed'l Reserve System v. Pharaon, 140 F.R.D. 634, 639 (S.D.N.Y. 1991) ("A litigant should not be allowed to make use of the liberal discovery procedures applicable to a

8

civil suit as a dodge to avoid the restrictions on criminal discovery") (citations omitted). Unlike in a civil case, criminal defendants ordinarily are not entitled to depose prosecution witnesses, much less engage in the type of far-ranging inquiry permitted by the civil rules. See, e.g., Fed. R. Crim. Proc. 15(a). Nor are they able to obtain documents reflecting prior statements of witnesses before trial. See 18 U.S.C. § 3500; Fed. R. Crim. Proc. 16(a). Likewise, the criminal discovery rules require production only of those documents which the government intends to offer at trial, or which are material to the defense. See Fed. R. Crim. Proc. 16(a)(1)(C).

Discovery in criminal cases is narrowly circumscribed for important reasons entirely independent of any generalized policy of restricting the flow of information to defendants. Three major reasons regularly identified by the courts in justifying narrow criminal discovery are that: (1) the broad disclosure of the essentials of the prosecution's case may lead to perjury and manufactured evidence; (2) the revelation of the identity of prospective witnesses may create the opportunity for intimidation; and (3) the criminal defendants may unfairly surprise the prosecution at trial with information developed through discovery, while the self-incrimination privilege would effectively block any attempts by the Government to discover relevant evidence from the defendants. Nakash v. U.S. Dep't of Justice, 708 F. Supp. 1354, 1366 (S.D.N.Y. 1988); see also Campbell v. Eastland, 307 F.2d 478, 487 n.12 (5th Cir. 1962); Raphael v. Aetna Cas. & Sur., 744 F. Supp. 71, 75 (S.D.N.Y. 1990); Founding Church of Scientology v. Kelley, 77 F.R.D. 378, 381 (D.D.C. 1977).

Here, discovery by the defendants of the notes of interviews of witnesses, or the taking of such witnesses' depositions, would undoubtedly provide information to the defendants not otherwise discoverable in the Criminal Case, and shed light on the strategies and progress of the ongoing grand jury investigation as well as any resulting prosecution, thus enhancing the

9

defendants' ability to manufacture evidence or tailor testimony, and otherwise severely hamper the government's ability to conduct an orderly investigation and prosecution.

As the government will suffer irreparable prejudice if the defendants are permitted to obtain broad civil discovery—such as deposition and interrogatory discovery—prior to the conclusion of the criminal proceeding, the requested stay should be granted. Furthermore, to prevent the defendants from improperly obtaining discovery for the Criminal Case while the instant motion is pending, the government respectfully requests that the Court enter an interim order granting an immediate stay of all discovery in the Civil Case until the motion to intervene and stay the Civil Case has been fully briefed and decided.

B.  A Stay Would Serve the Public Interest in Law Enforcement

It is well-settled that "a trial judge should give substantial weight to [the public interest in law enforcement] in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities." Campbell, 307 F.2d at 487; see also In re Ivan F. Boesky Sec. Litig., 128 F.R.D. 47, 48 (S.D.N.Y. 1989). Indeed, one court has observed that "where both civil and criminal proceedings arise out of the same or related transactions, the government is ordinarily entitled to a stay of all discovery in the civil action until disposition of the criminal matter." United States v. One 1964 Cadillac Coupe DeVille, 41 F.R.D. 352, 353 (S.D.N.Y. 1966).

Stays of proceedings and discovery in civil actions reflect a recognition of the vital interests at stake in a criminal prosecution. See, e.g., United States v. Kordel, 397 U.S. 1, 12 n.27 (1970) ("Federal courts have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action, sometimes at the request of the prosecution"). Stays have been granted to halt civil litigation that threatened to

10

impede criminal investigations which had yet to yield an indictment. For example, stays have been granted to avoid interference in investigations relating to tax fraud, see, e.g., Campbell, 307 F.2d at 480, insider trading, see, e.g., Chestman, 861 F.2d at 50; Downe, 1993 WL 22126 at *1, insurance fraud, see, e.g., Raphael, 744 F. Supp. at 73, bank fraud, see, e.g., Pharaon, 140 F.R.D. at 639, customs violations, see, e.g., R.J.F. Fabrics, Inc. v. United States, 651 F. Supp. 1437 (U.S. Ct. Int'l Trade 1986), and immigration fraud, see, e.g., Souza v. Shiltgen, No. C-95-3997 MHP, 1996 WL 241824 at *1 (N.D. Cal. May 6, 1986).

A stay is especially appropriate here because there is an indictment filed against Tadrus—a defendant in the Civil Case—for engaging in the same activities that are the subject of that lawsuit. The prosecution in this case will therefore vindicate substantially the same public interest underlying the SEC's civil action, namely preventing financial fraud and the victimization of more individuals. See, e.g., Volmar Distrib., Inc. v. N.Y. Post Co., 152 F.R.D. 36, 39 (S.D.N.Y. 1993) (criminal prosecution would serve to advance public interest in preserving integrity of competitive markets).

C. The Civil Parties Will Not Be Prejudiced by the Proposed Stay

The SEC, which does not oppose the filing of the requested order, and the defendants, who similarly do not oppose the filing of the instant motion, will save significant resources by allowing the Criminal Case to proceed unencumbered by the burdens of civil proceedings and discovery. As described above, Tadrus has been charged in the Criminal Case. If Tadrus is convicted in the Criminal Case, he will in all likelihood not proceed to trial in the Civil Case. See SEC v. Freeman, 290 F. Supp. 2d 401, 405 (S.D.N.Y. 2003) ("It is settled that a party in a civil case may be precluded from relitigating issues adjudicated in a prior criminal proceeding

11

and that the Government may rely on the collateral estoppel effect of the conviction in support of establishing the defendant's liability in the subsequent civil action").

The defendants are also likely to choose to assert their Fifth Amendment rights against self-incrimination in the Civil Case. As detailed above, it would be unfair to permit them to obtain discovery while not requiring that they provide the same. A stay would also be likely to streamline discovery for the SEC and any defendants who remain in the Civil Case after the conclusion of the criminal proceedings. See Twenty First Century Corp., 801 F. Supp. at 1011 (noting that civil discovery due to pending criminal action "may streamline later civil discovery since the transcripts from the criminal case will be available to the civil parties."). The SEC and the defendants will therefore benefit from, as opposed to be prejudiced by, a stay of proceedings and discovery in the Civil Case.

D.    The Court Will Not Be Inconvenienced If It Stays Proceedings in the Civil Case

The Court will not be inconvenienced as a result of the stay. To the contrary, as stated above, should the Criminal Case result in convictions, it could greatly streamline the Civil Case. A stay of civil proceedings is also likely to narrow or eliminate factual issues in the civil litigation. See, e.g., In re Grand Jury Proceedings, 995 F.2d 1013, 1018 n.11 (11th Cir. 1993) ("Although stays delay civil proceedings, they may prove useful as the criminal process may determine and narrow the remaining civil issues."); United States v. Mellon Bank, 545 F.2d 869, 873 (3rd Cir. 1976) (affirming a stay of discovery and stating: "[I]t might well have been that resolution of the criminal case would moot, clarify, or otherwise affect various contentions in the civil case."); Brock v. Tolkow, 109 F.R.D. 116, 119-20 (E.D.N.Y. 1985) (in granting a stay, noting that "the resolution of the criminal case might reduce the scope of discovery in the civil case or

otherwise simplify the issues."). All of this will save the Court's time and resources when the civil proceedings stay is lifted at the conclusion of the criminal proceedings.

## CONCLUSION

In sum, the interests of the public, the government, the parties, and the Court strongly weigh in favor of granting this motion for a stay. In the interests of permitting the government to complete its prosecution in the Criminal Case, as well as the ongoing criminal investigation, the government respectfully requests that its motion for a stay of civil proceedings in the Civil Case be granted. Based on the forgoing, the government further requests an interim order granting an immediate stay of all discovery in the Civil Case until the motion to stay the Civil Case has been fully briefed and decided.

Dated:  Brooklyn, New York
        November 2, 2023

Respectfully submitted,

BREON PEACE
United States Attorney

        /s/
Genny Ngai
John O. Enright
Assistant U.S. Attorneys
(718) 254-6203 (Enright)

Cc:  Clerk of the Court (FB)
     All Counsel (By ECF)

13